## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| RADLEY J. BRADFORD, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 4:20-cv-04389 |
| v. | |
| THE CBE GROUP, INC., | |
| Defendant. | |

## CLASS ACTION COMPLAINT

**NOW COMES** RADLEY J. BRADFORD, individually, and on behalf of all others similarly situated, through his undersigned counsel, complaining of THE CBE GROUP, INC., as follows:

### NATURE OF THE ACTION

1.     Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

2.     "Congress made it clear that the FCRA is designed to preserve the consumer's privacy in the information maintained by consumer reporting agencies." *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 725 (7th Cir. 2004) citing 15 U.S.C. § 1681(a)(4).

### JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4.      Venue in the Southern District of Texas is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

5.      RADLEY J. BRADFORD ("Plaintiff") is a natural person whom at all times relevant resided in Houston, Texas.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

7.      THE CBE GROUP, INC., ("Defendant") is a corporation organized under the laws of Iowa.

8.      Defendant maintains its principal place of business in Cedar Falls, Iowa.

9.      Defendant is a prominent debt collector that collects consumer debt owed to third parties.

10.      Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

## FACTUAL ALLEGATIONS

11.      On December 10, 2020, Plaintiff obtained a copy of his Trans Union credit report.

12.      The Trans Union credit report revealed that Defendant obtained Plaintiff's credit report on September 17, 2020.

13.      Specifically, the TransUnion credit reported depicted, in pertinent part, as follows:

**CBE GROUP** ( PO BOX 2535, WATERLOO, IA 50704, (866) 912-1312 )
**Requested On:** 09/17/2020

14.      On December 19, 2020, suspicious of Defendant's access to his private credit information, Plaintiff placed a phone call to Defendant to obtain information regarding Defendant's access of his Trans Union credit report.

2

15.    After initiating the call, Plaintiff was greeted by Defendant's automated system.

16.    After being prompted to provide his social security number, Plaintiff provided the same.

17.    After providing his social security number, Defendant's automated system notified Plaintiff that it could not locate an account associated with Plaintiff's social security number.

18.    In response, Plaintiff attempted to speak to a live agent but was unable to do so as Defendant's office was closed.

19.    On December 21, 2020, Plaintiff placed another phone call to Defendant and spoke with Defendant's representative Savannah.

20.    Savannah was unable to locate an account for Plaintiff by searching Plaintiff's first name, last name, and date of birth.

21.    Concerned with Savannah's inability to find an account associated with him, Plaintiff immediately placed a phone call to Trans Union.

22.    During the phone call with TransUnion, Plaintiff spoke with Trans Union's representative Mary.

23.    Mary advised Plaintiff that it appears that Defendant did not have a permissible purpose to access his Trans Union report.

24.    In response, Plaintiff attempted to dispute the credit inquiry in an effort to get it removed from his Trans Union credit report.

25.    In response, Mary advised Plaintiff that Trans Union will not allow Plaintiff to dispute such an inquiry and that his grievance should be addressed with Defendant.

26.    Concerned with the inexplicable access to his credit report, Plaintiff asked Mary whether such an access is permitted by applicable law.

3

27.     In response, Mary advised Plaintiff that Defendant's credit access was unlawful and provided Plaintiff with the phone number for the Federal Trade Commission.

28.     At the time Defendant accessed Plaintiff's credit report, Defendant was not attempting to collect a debt owed by Plaintiff to a third party.

29.     At the time that Defendant accessed Plaintiffs' credit report, Plaintiff did not have any form of relationship with Defendant.

30.     At no point in time did Plaintiff authorize Defendant to access his Trans Union credit report.

31.     Upon information and belief, Defendant falsely represented to Trans Union that Plaintiff had a business relationship with Defendant or that Defendant was attempting to collect a debt allegedly owed by Plaintiff.

32.     Accordingly, Defendant accessed Plaintiff's highly private credit information under false pretenses and without Plaintiff's knowledge or authorization.

## DAMAGES

33.     Defendant's intrusive conduct resulted in significant harm to Plaintiff.

34.     Defendant's "inquiry" will remain on Plaintiff's Trans Union credit report for several years and gives off the false impression that a debt collector is attempting to collect an unpaid debt allegedly owed by Plaintiff.

35.     The existence of a credit inquiry from a debt collector on Plaintiff's Trans Union report creates a false impression that Plaintiff has unpaid debt, thus rendering Plaintiff a high-risk consumer and damaging his credit worthiness.

36.     Defendant's unauthorized access of Plaintiff's credit information was highly intrusive, invaded Plaintiff's privacy, and led Plaintiff to believe he may be a victim of identity theft.

37.     As a result of Defendant's conduct, Plaintiff has suffered various types of damages as set forth herein, including specifically: invasion of privacy, mental and emotional distress, and time wasted monitoring his credit reports for fraudulent activity.

38.     Alarmed by Defendant's intrusive conduct, Plaintiff retained counsel to protect his privacy and enforce his rights.

## CLASS ALLEGATIONS

39.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

40.     Upon information and belief, Defendant systematically accesses consumers' credit reports by falsely representing to the credit reporting agencies that the consumers have unpaid debts that Defendant is attempting to collect.

41.     Defendant's systematic practice of accessing consumers' credit reports without a permissible purpose prescribed by the FCRA constitutes a willful and malicious violation(s) of 15 U.S.C. § 1681b(f).

42.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons within the United States (1) who have had their consumer credit report(s) obtained by Defendant; (2) within the five (5) years preceding the date of the original complaint through the date of class certification; (3) from Equifax, Experian, and/or Trans Union; (4) who did not have an unpaid debt that Defendant was attempting to collect; and (5) for which Defendant did not have a permissible purpose enumerated in the Fair Credit Reporting Act to access such person's credit report(s).

5

43.     The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A.     Numerosity

44.     Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

45.     The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

46.     The members of the Putative Class are ascertainable because the class is defined by reference to objective criteria.

47.     The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

### B.     Commonality and Predominance

48.     There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

### C.     Typicality

49.     Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

**D.     Superiority and Manageability**

50.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

51.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

52.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

53.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

54.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

55.     Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

56.     Plaintiff has retained competent and experienced counsel in consumer class action litigation.

<u>**CLAIMS FOR RELIEF**</u>

**COUNT I:**
**Defendant's Violations of 15 U.S.C. § 1681b(f)**
**(on behalf of Plaintiff and the Members of the Putative Class)**

57.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

58.    Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

59.    Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

60.    Plaintiff's Trans Union credit report that Defendant accessed without authorization is a "consumer report" as defined by §1681a(d)(1).

61.    The FCRA prohibits any person or entity from using or obtaining a consumer credit report unless the person or entity has a permissible purpose enumerated in the FCRA. *See* 15 U.S.C. §1681b(f).

62.    Defendant violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's Trans Union credit report without Plaintiff's authorization and without a permissible purpose enumerated in the FCRA.

63.    As set forth above, Defendant, by its own admission, was not attempting to collect a debt from Plaintiff and Plaintiff never authorized Defendant to access his Trans Union credit report.

64.    Defendant willfully and maliciously violated §1681b(f) when it accessed Plaintiff's credit report without a permissible purpose under the FCRA.

65.    In the alternative, Defendant negligently violated §1681b(f) by accessing Plaintiff's credit report without a permissible purpose under the FCRA.

66.    As set forth above, Plaintiff was harmed by Defendant's conduct.

67.    Upon information and belief, Defendant knowingly and systematically obtains consumer credit reports without a permissible purpose prescribed by the FCRA.

68.    Upon information and belief, Defendant does not maintain policies and procedures to protect consumers' privacy interests and prevent the unlawful access of consumer credit reports.

69.     Due to Defendant's unlawful conduct, Plaintiff is entitled to actual damages, statutory damages, and punitive damages.

**WHEREFORE**, Plaintiff, RADLEY J. BRADFORD, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, as follows:

A.      Granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel.

B.      Declaring that the practices complained of herein are unlawful and violate the Fair Credit Reporting Act.

C.      Enjoining Defendant from accessing consumer credit reports without a permissible purpose.

D.      Awarding Plaintiff and the class members actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations.

E.      Awarding Plaintiff and the class members statutory damages of $1,000.00 for each violation of the FCRA pursuant to 15 U.S.C. §1681n.

F.      Awarding Plaintiff and the class members punitive damages in an amount to be determined at trial for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

G.      Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

H.      Awarding any other relief this Honorable Court deems just and proper.


## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: December 31, 2020

Respectfully Submitted,

**RADLEY J. BRADFORD**


By**:** /s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff and the Putative*
*Class Members*
Sulaiman Law Group, Ltd
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com